The Honorable Steve Higginbothom State Senator P.O. Box 242 Marianna, AR 72360
Dear Senator Higginbothom:
You have presented the following question for my opinion:
 Can the City of West Helena hire a convicted felon to serve in the capacity of code enforcement officer?
RESPONSE
It is my opinion, as explained more fully below, that state law does not prohibit the City of West Helena from hiring a convicted felon to serve as code enforcement officer, unless the position is deemed to be a law enforcement position. The city's ordinances and internal policies must be reviewed, however, to determine whether they would prohibit such a hiring.
Although state law does recognize the position of municipal code enforcement officer, see, e.g., A.C.A. §§ 12-9-108; 17-25-301; 17-38-104, the position is not created by state law. Rather, it is created by city ordinance, pursuant to the authority granted to cities in connection with the power to enact local measures for the health and safety of the municipality. See, e.g., A.C.A. §§ 14-54-103; 14-54-104; 14-54-601; 15-54-604; 14-54-901; 14-56-201; 14-56-202; 14-56-301 (express authority for cities to enact environmental, safety, fire, building, electrical, zoning, and other codes); see also generally A.C.A. § 14-54-1502
(providing civil remedies for municipal "health and safety code violations"); Op. Att'y Gen. No. 2003-110. If, in creating the position of code enforcement officer, the city has designated the position as a law enforcement position, or has required that it be filled by a certified law enforcement officer, the city then cannot hire a convicted felon to fill the position. State law prohibits convicted felons from serving as law enforcement officers. A.C.A. § 12-9-106(b).
However, if the city has not designated the position of code enforcement officer as a law enforcement position, nor required that it be filled by a certified law enforcement officer, the city is not prohibited by state law from hiring a convicted felon to fill the position. However, the city has the authority, arising out of its authority to create the position (cited above), to prohibit the hiring of convicted felons to fill the position. Accordingly, the city's ordinances and internal policies must be reviewed to determine whether such a prohibition exists on the local level.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General